# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ISAIAH TERMAINE BELCHER,<br><br>                Plaintiff,<br><br>             v.<br><br>WAL-MART STORES, INC.,<br><br>                Defendant. | Case No. 3:20-cv-00194-SLG |

## **ORDER OF DISMISSAL**

On August 7, 2020, Isaiah Termaine Belcher, a self-represented prisoner, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, along with a letter requesting an appointment of counsel and a statement of his prisoner trust account.[1] On August 14, 2020, the Court issued an Order Re: Deficient Filing instructing Mr. Belcher that he needed to file an Application to Waive Prepayment of the Filing Fee or the filing fee. The Court now screens Mr. Belcher's Complaint pursuant to 28 U.S.C. § 1915(e).

## **SCREENING REQUIREMENT**

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[1] Dockets 1-2.

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[2]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[3] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[4] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[5]

---

[2] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[4] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[5] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:20-cv-00194-SLG, *Belcher v. Wal-Mart Stores, Inc.*
Order of Dismissal
Page 2 of 7
Case 3:20-cv-00194-SLG   Document 4   Filed 09/18/20   Page 2 of 7

**DISCUSSION**

Mr. Belcher alleges claims against Wal-Mart Stores, Inc., pursuant to 42 U.S.C. § 1983.[6] 42 U.S.C. § 1983 has specific statutory requirements, including a requirement that the alleged harm or injury was caused by a state actor in violation of a federal constitutional or civil right. Mr. Belcher's complaint does not plausibly allege facts that state a valid claim for relief under 42 U.S.C. § 1983. Accordingly, the Court must dismiss this action.

I. **Allegations**

Mr. Belcher's complaint alleges that on November 3, 2018, he was accused of shoplifting and physically assaulted by Walmart store security.[7] Mr. Belcher alleges that the Walmart employee used excessive force, intentionally inflicted emotional distress, and committed sexual assault by inappropriately grabbing his genital area. Additionally, Mr. Belcher alleges that Walmart failed to provide a safe environment.

For relief, Mr. Belcher requests punitive damages in the amount of $325,000, and additional damages in the amounts of $25,000.00 and $10,000.00, to pay for therapy and college tuition, respectively. Additionally, Mr. Belcher requests injunctive relief in the form of a customer safety policy and that "security

---

[6] *See* Docket 1.

[7] Docket 1 at 3.

Case No. 3:20-cv-00194-SLG, *Belcher v. Wal-Mart Stores, Inc.*
Order of Dismissal
Page 3 of 7
Case 3:20-cv-00194-SLG   Document 4   Filed 09/18/20   Page 3 of 7

of loss-prevention [employees] be screened for psychological issues and be required to attend conflict resolution groups."[8]

## II.     42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[9] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[10] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[11] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[12] These essential elements must be pleaded in a § 1983 claim.

    a. <u>Private parties are not generally held liable under 42 U.S.C. § 1983; liability requires the violation of an enforceable right by a "state actor".</u>

---

[8] Docket 1 at 6.

[9] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[10] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[11] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[12] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:20-cv-00194-SLG, *Belcher v. Wal-Mart Stores, Inc.*
Order of Dismissal
Page 4 of 7
Case 3:20-cv-00194-SLG   Document 4   Filed 09/18/20   Page 4 of 7

A private party, such as Walmart, can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances. For a private party, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[13] The Ninth Circuit, following the United States Supreme Court, explains that, "[s]pecifically, a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State.'"[14]

Walmart is a private party; it does not act with the virtue or authority of state law, and therefore, it is not a state actor. Mr. Belcher has not sufficiently pled an essential element of a claim pursuant to 42 U.S.C. § 1983.

> b. <u>A state actor must violate a pre-existing federal constitutional or federal statutory right.</u>

42 U.S.C. § 1983 does not confer constitutional or federal rights. Instead, it provides a mechanism for remedying violations of federal constitutional or federal statutory rights.[15] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates

---

[13] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and internal quotation marks omitted).

[14] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

[15] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

Case No. 3:20-cv-00194-SLG, *Belcher v. Wal-Mart Stores, Inc.*
Order of Dismissal
Page 5 of 7
Case 3:20-cv-00194-SLG   Document 4   Filed 09/18/20   Page 5 of 7

enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[16] Section 1983 does not provide a cause of action for violations of state law.[17]

Mr. Belcher alleges assault, intentional infliction of emotional distress, and consumer safety. These claims are not found in the U.S. Constitution, nor as federal statutory rights. Instead, these claims are tort claims ground in state law and most typically addressed in Alaska state court. The statute of limitations of personal injury tort claims in Alaska is two years.[18]

## CONCLUSION

Mr. Belcher has not pled the essential elements of a Section 1983 claim because Walmart is not a state actor. Mr. Belcher's complaint fails to state a viable Section 1983 claim upon which relief may be granted and amendment is futile.

---

[16] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).

[17] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[18] AS § 09.10.070.

Case No. 3:20-cv-00194-SLG, *Belcher v. Wal-Mart Stores, Inc.*
Order of Dismissal
Page 6 of 7
Case 3:20-cv-00194-SLG   Document 4   Filed 09/18/20   Page 6 of 7

**IT IS THEREFORE ORDERED:**

1. The action is dismissed for failure to state a claim.

2. All pending motions are denied as moot.

3. This dismissal is a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___ (2020).

4. The Clerk of Court is directed to enter a final judgment.

DATED this 18th day of September, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00194-SLG, *Belcher v. Wal-Mart Stores, Inc.*
Order of Dismissal
Page 7 of 7
Case 3:20-cv-00194-SLG   Document 4   Filed 09/18/20   Page 7 of 7